E-FILED
Friday, 10 March, 2017 03:55:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER PAUL MALONE, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-4069 |
| HENRY COUNTY JAIL and ROBERT HOGUE, et al. | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

This case was transferred from the Northern District of Illinois to the Central District of Illinois because Plaintiff, proceeding pro se from his detention in the Kane County Jail, challenges actions in criminal proceedings against him in Henry County, which is in the Central District of Illinois.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he was arrested pursuant to a warrant in February 2016 for charges of domestic battery. Plaintiff alleges that the arrest warrant was issued on false statements of Plaintiff's ex-girlfriend, who "immediately dropped the charges." (Compl. p. 4.) Defendant Robert Hogue, an assistant state's attorney for Henry County chose to go ahead with Plaintiff's prosecution, allegedly despite knowing that the ex-girlfriend had recanted. On May 24, 2016, two days before the scheduled trial, the State's Attorney dismissed the charges with prejudice. Despite the dismissal, two days later Plaintiff was arrested on a parole violation based on the dismissed case. The parole board released Plaintiff on July 6, 2016,

finding that no parole violation had occurred, Plaintiff asserts because Plaintiff's criminal case had been dismissed with prejudice. Plaintiff is currently in the Kane County Jail. A search of Kane County records shows that in February 2017 a complaint was filed charging Plaintiff with domestic battery. <u>Illinois v.Malone</u>, 17-CF-276 (Kane County). Plaintiff seeks compensation for losing his job and housing and being incarcerated on the parole violation.

Defendant Robert Hogue is immune from a lawsuit for damages based on his decision to continue with Plaintiff's prosecution until just before the trial date. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983." <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976).

As for Plaintiff's incarceration on parole violations, "in the case of persons arrested for violating parole, a preliminary hearing to determine probable cause must be conducted 'as promptly as convenient after arrest while information is fresh and sources are available,' and a plenary hearing must be held within a 'reasonable time after the parolee is taken into custody'—normally two months."

Atkins v. City of Chicago, 631 F.3d 823, 827 (7th Cir. 2011). Plaintiff does not say whether he had a preliminary hearing, but he was released by the parole board within two months of his incarceration. Plaintiff does not explain what Defendant Robert Hogue, who does not work for the Illinois Department of Corrections, had to do with the parole hold. Plaintiff also does not say who placed the parole hold; what, specifically, were the parole violation charges; whether he received a preliminary hearing, and, if so, when the preliminary hearing was held and the findings of that hearing. Additionally, the decision to place a parole hold could be protected by absolute immunity. Smith v. Gomez, 550 F.3d 613, 619 (7th Cir. 2008)(parole agent's supervisor entitled to absolute immunity for directing parole agent to place parole hold).

Accordingly, Plaintiff states no claim that may proceed against Defendant Hogue or the Henry County Jail, which is not a suable entity. Plaintiff's complaint will be dismissed without prejudice to filing an amended complaint providing more factual detail with regard to his parole hold.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2) Plaintiff may file an amended complaint by March 31, 2017. If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a claim, then this action will be dismissed without prejudice and closed.

3) Plaintiff's motions for the appointment of counsel are denied (4, 8). The Court does not have the authority to require an attorney to accept pro bono appointment on a civil case such as this. <u>Pruitt v. Mote</u>, 503 F.3d 647, 653 (7th Cir. 2007). The most the Court can do is ask for volunteer counsel. In determining whether the Court should attempt to find an attorney to voluntarily take the case without pay, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" <u>Pruitt</u>, 503 F.3d at 654-55 (7th Cir. 2007). On this record, Plaintiff appears competent to proceed pro se. He is a high school graduate and he already has personal knowledge of the relevant facts underlying his claims. Plaintiff may renew his motion on a more

developed factual record, any jobs he has had inside or outside of prison, any classes he has taken in prison, and his litigation experience in state and federal court.

ENTERED: March 10, 2017

FOR THE COURT:

                                        **s/Sue E. Myerscough**
                                        SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE